UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALVA V. BRISCOE, SANDRA M. BRISCOE,<br><br>Plaintiffs/Petitioners,<br><br>vs.<br><br>BANK OF AMERICA, N.A., ELISA MAGNUSON, PITE DUNCAN, LLP,<br><br>Defendants. | Case No. 4:16-cv–00122-REB<br><br>**ORDER AND RECOMMENDATION** |

Now pending before this Court are Plaintiff Alva V. Briscoe's Affidavits of Indigency (Dkt. 1, 2) and Plaintiff Sandra M. Briscoe's Petition to Perpetuate Testimony (Dkt. 3). Because not all parties have consented to the jurisdiction of a United States Magistrate Judge, this case will be reassigned to a District Judge. The Court enters the following Order and Recommendation for the District Judge's consideration.

**Petition to Perpetuate Testimony**

Plaintiffs/Petitioners[1] have not filed a complaint in this action, rather they have filed a "Petition to Perpetuate Testimony" in which they seek to depose Elisa Magnuson. (Dkt. 3, p. 2.)

A petition to perpetuate testimony brought pursuant to Fed. R. Civ. P 27(a) enables a person under certain limited circumstances to seek perpetuation of testimony before an action is

---

[1] Plaintiffs refer to themselves as both Plaintiffs and Petitioners in their filings and also in the singular and plural. The Court will use the term "Petitioners" and the plural and singular version of the pronoun in accordance with how Petitioners have used it in their filings.

**ORDER - 1**

filed. The petitioner may filed a "verified petition in the district court for the district where any expected adverse party resides" and must show:

> (A) that the petitioner expects to be a party to an action cognizable in the United States but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses; so far known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a).

The petitioner must demonstrate a present inability to bring any action at the time the petition is presented. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961). Fed. R. Civ. P. 27 is not a license for general discovery. *State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995). It may not be used as a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted. *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978). "Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show . . . that without the perpetuation of the testimony a failure or delay of justice will occur." *See In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981).

Additionally, the petitioner must show an immediate need to perpetuate testimony. *See Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995). A petition may be granted where, for example, a witness will be unavailable due to infirmity or age. *See Hunt v. Aurora Loan Servs., LLC*, 2011 WL 2198323, *2 (D. Or. April 4, 2011) (discussing cases). However, simply "alleging that testimony or information may be lost, destroyed or

unrecoverable in the future is, at best, vague and conclusory." *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005).

In their petition, Petitioners state that the facts that Petitioners want to establish by the proposed testimony and the reasons to perpetuate include: (1) Defendant never acquired any legal rights, including servicing rights, or any interest in the Petitioner's title to her home, or the note or trust deed that was that was recorded against title; (2) Defendants are involved with the theft of the Petitioner's identifying, banking, financial and credit information for their own profit; (3) Defendants are using the state and county foreclosure process to launder counterfeit and forged instruments. (Dkt. 3 at 1.) Petitioners seek to depose "Elisa Magnuson to testify about the defendant's interest in the plaintiff's property." (*Id*. at 2.) Petitioners state that "perpetuating the testimony may prevent a failure or delay of justice." (*Id.*)

Petitioners fail to demonstrate a present inability to bring an action in federal court. In fact, Petitioners have filed three other lawsuits in this court. *See Briscoe et al v. Fay Servicing et al*, Case No. 4:16-cv-00297-EJL-CWD; *Briscoe et al v. Bank of America, N.A., et al*, Case No. 1:15-cv-00424-BLW; *Briscoe et al v. Magnuson et al*, Case No. 4:14-cv-00514-BLW. Notably, Elisa Magnuson was a defendant in each of these cases.

Importantly, the Petition does not adequately identify the risk or risks which would justify the immediate need to perpetuate testimony in this particular case. Petitioners only state that a "failure or delay of justice" requires that the testimony be perpetuated. This fails to demonstrate that the "testimony will be lost if not preserved." *See Calderon v. United States District Court for the Northern District of California*, 144 F.3d 618, 621 (9th Cir. 1998). *See also In re Flash Memory Antitrust Litig.*, 2008 WL 62278, *6 (N.D. Cal. Jan 4, 2008) ("[Fed. R.

Civ. P. 27] is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as advanced age, illness, or an indefinite departure from the country."). A general allegation, such as Petitioners' that there "may" be a "failure or delay of justice", is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony. *See Penn. Mut. Life. Ins. Co. v. United States*, 68 F.3d at 1374-75 (bare assertion that "passage of time" may impair witness "ability . . . to recall relevant facts and testify completely" did not warrant granting Rule 27 petition).

Accordingly, the Court recommends that the District Court deny Petitioners' petition and dismiss this action.

## ORDER AND RECOMMENDATION

The Court **HEREBY ORDERS**:

1) A ruling on Petitioners' Affidavits of Indigency (Dkt. 1, 2) is DEFERRED;

2) Because not all parties have not consented to a U.S. Magistrate Judge, this case is REASSIGNED to a U.S. District Judge..

The Court **HEREBY RECOMMENDS**:

1) Petitioners' Petition to Perpetuate Testimony (Dkt. 3) be DENIED and this action be DISMISSED in its entirety without prejudice.

DATED: **December 30, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge